IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                                                  **CR. No.  98-16 JP**

**YAZZIE KING, SR.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

On April 8, 1998 Defendant filed his Motion to Dismiss (Doc. No. 17) and on May 27, 1998 he filed a "Motion Adopting Previously Filed Motion to Dismiss with Additional Argument," (Doc. No. 25).  A hearing on these motions began on June 22, 1998.  The hearing was continued and concluded on September 2, 1998.  Kathleen Bliss represented the United States and Roger Finzel represented Defendant Yazzie King, Sr., who was present.  After hearing the testimony of the Defendant and his wife, as well as the oral argument of counsel, I concluded that Defendant's motion should be denied.

Defendant is a Native American who practices spiritual healing.  The Superceding Indictment has four counts charging Defendant with engaging or attempting to engage in sexual acts (consisting of sexual penetration of various Jane Does with Defendant's finger and with a ceremonial flute or pipe) with the intent to abuse, humiliate, harass, or degrade the Jane Does and to gratify his own sexual desires.  Defendant, in turn, contends that the Jane Does came to him for healing purposes and that he performed only valid religious ceremonies taught to him by another

medicine man.

Defendant has conceded that the conduct of which he is accused by Jane Doe A in Count I of the Superceding Indictment does not constitute a genuine religious practice. Thus, Defendant's motion to dismiss based on the First Amendment and on the Religious Freedom and Restoration Act ("RFRA") does not apply to Count I of the Superceding Indictment. On the other hand, Defendant's motion clearly applies to Count IV. It is unclear whether Defendant intends that his motion to dismiss apply to Counts II and III. However, even assuming that the motion does address Counts II and III, the motion fails as to all counts because Defendant did not meet his burden of proof.

The Defendant first argues that his prosecution violates his rights under the First Amendment to the Constitution of the United States. In United States v. Meyers, 95 F.3d 1475, 1480 (10th Cir. 1996), cert. denied, 118 S.Ct. 583 (1997), the Tenth Circuit noted that while freedom of religious belief is absolute, freedom of action is not. Thus, the First Amendment right of religious freedom "does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability..." Id. A generally applicable criminal statute prohibiting a particular form of conduct that substantially burdens a religious practice need not be justified by a compelling government interest. Id. at 1481. Defendant was charged with violating 18 U.S.C. §§ 1153, 2241(c), 2242(1), and 2246(2), which I found at the hearing to be valid and neutral laws of general applicability that do not unfairly target any particular religious belief or practice. Consequently, the First Amendment provides no defense to Defendant's prosecution under those laws.

Second, Defendant contends that his prosecution violates the Religious Freedom and

Restoration Act ("RFRA")[1], which provides that "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section." 42 U.S.C. § 2000bb-1(a). Subsection (b) states that:

> Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person–
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1(b).  However, RFRA requires that the Defendant first make out a prima facie case by establishing by a preponderance of the evidence that the governmental action (1) substantially burdens (2) a religious belief rather than a philosophy or way or life, and (3) the religious belief is sincerely held by Defendant.  Meyers, 95 F.3d at 1482 (citing Thiry v. Carlson, 78 F.3d 1491, 1494 (10th Cir.), cert. denied, 117 S.Ct. 78, (1996)).

The Defendant has failed to meet this burden.  Specifically, Defendant failed to prove by a preponderance of the evidence that his actions constitute a religious belief as opposed to a philosophy or way of life.  Defendant also failed to prove by a preponderance of the evidence that his religious belief is sincerely held.  Finally, Defendant failed to prove that the insertion of a pipe or flute into a woman's vagina – regardless of whether the Defendant or the woman herself inserts the object – is a religious practice or is part of a religious healing ceremony.  Thus, Defendant's argument that his prosecution violates RFRA fails.

---

[1] In a letter dated September 11, 1997, United States Attorney John Kelly informed District Judge Martha Vázquez that "[t]he official position of the United States is that, notwithstanding the Supreme Court's decision in City of Boerne v. Flores, RFRA still applies to the federal government." Exhibit A to Defendant's Motion to Dismiss.  The United States has not contested the applicability of the Religious Freedom Restoration Act to this case.

I also note that while there has been much discussion of the right of religious freedom of the Defendant, there has been almost no mention of the rights of his alleged victims. Although many cases brought under RFRA involve so-called "victimless crimes,"[2] this case is not one of them. Defendant's exercise of his purported religious beliefs has a serious, adverse effect upon innocent third parties. These circumstances highlight the importance of RFRA's requirement that Defendant prove his prima facie case by a preponderance of the evidence. Furthermore, the importance of protecting the interests of human victims of crime suggests that requiring defendants to sustain an even higher burden of proof might be appropriate in such cases.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 17) and his "Motion Adopting Previously Filed Motion to Dismiss with Additional Argument," (Doc. No. 25) are DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See, e.g., United States v. Gonzales, 957 F.Supp. 1225 (D.N.M. 1997) (granting motion to dismiss by Native American accused of killing a bald eagle without a permit on the ground that criminal statute violated RFRA); United States v. Hugs, 109 F.3d 1375 (9th Cir. 1997) (finding that Bald and Golden Eagle Protection Act did not violate defendant's First Amendment rights under RFRA); United States v. Lundquist, 932 F.Supp. 1237 (D. Oregon 1996) (same).